### FRYE v. SCHWARZ.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. BROKER'S COMMISSION—CONTRACT OF EMPLOYMENT—EVIDENCE.

Evidence in an action for broker's commissions in procuring a loan examined, and *held* that the verbal conditions referred to in the broker's written promise to procure the loan for defendant at a fixed rate of interest on specified security "on fulfillment of the verbal conditions heretofore agreed upon with reference to said property" did not relate to the broker's commissions, but to defendant's agreement to take the loan on condition that he secured title to the property.

Appeal from Municipal Court of City of New York.

Action by Henry A. Frye against Joseph Schwarz. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William W. Butcher, for appellant.
Beard & Paret, for respondent.

HIRSCHBERG, J. The judgment recovered by the plaintiff is on an assigned claim for broker's commissions. The plaintiff's assignor was employed by the defendant to procure a loan of $4,500 upon certain real estate in the borough of Brooklyn at a commission of 3½ per cent. The plaintiff's assignor is a lawyer, and he executed and delivered to the defendant the following written agreement at the time of the employment, viz.:

"New York, Sept. 2nd, 1902.

"Mr. Joseph Schwarz—Dear Sir: I hereby agree to loan to you the sum of $4500.00 at 5½% interest, upon the security of your bond and mortgage of No. 108 Sullivan St. Bklyn upon fulfillment of the verbal conditions heretofore agreed upon with reference to said property."

The dispute upon the trial related wholly to the "verbal conditions" referred to in the agreement. The plaintiff claimed that they had sole relation to the price to be charged for the services, and the plaintiff's assignor so testified. The defendant asserted, on the contrary, that

at the time of the employment he was not the owner of the property on which the loan was sought, but was negotiating for its purchase; that it was doubtful whether he would succeed in buying it; that the engagement for the loan was conditional upon his securing the title; and that the understanding between the parties to that effect constituted the "verbal conditions" alluded to in the written contract. The finding of the court on this question in favor of the plaintiff would necessarily be affirmed but for the fact that the preponderance of the evidence is with the defendant.

There was no dispute about the amount of the commission to be paid for procuring the loan. The plaintiff's assignor had stated in writing in a communication to the defendant, under date of August 29, 1902, that he "would expect 3½% comm. for obt'g funds, and Title Ins. should be given on closing." If the "verbal conditions" related to these terms, it is impossible to understand why a lawyer would not have drawn the paper to say so, either by stating that the verbal conditions were with respect to the charge for the services or to the terms as set forth in the letter of August 29th. Indeed, it is difficult to understand, if the matter related to the price alone, why the amount of commissions was not inserted in the paper, as well as the rate of interest on the loan. But the agreement itself negatives the idea that the verbal understanding was with respect to the amount to be charged for the loan, for it distinctly states that the verbal conditions had reference to the property on which the loan was sought, and that it was something in reference to that property which should be fulfilled before the loan would be obligatory.. Whatever the conditions were, they had relation to the property, and not to the charge for the services, and they (the conditions) were to be fulfilled before the services should be rendered. The language of the agreement not only supports the defendant's version of the transaction, but is inconsistent with that of the plaintiff's assignor, and it therefore contributes a preponderance in weight to the defendant's claim that his agreement to borrow the money was conditioned upon his first acquiring title to the real estate which was to be mortgaged by him as security for the loan. The defendant failed to acquire the title to the property in question.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.